## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DOWNS LAW GROUP, P.A.<br>3250 Mary Street #307<br>Miami, Florida 33133<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES COAST GUARD<br>2703 Martin Luther King, Jr. Ave. SE<br>Washington, D.C. 20593<br><br>    Defendant. | Case No. 21-2407 |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, The Downs Law Group, P.A. (hereinafter, "Plaintiff" or "Downs"), brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant United States Coast Guard (hereinafter, "USCG") in failing to provide Plaintiff with all non-exempt records responsive to its FOIA request to USCG on June 14, 2020 (attached to this Complaint as Exhibit A), and its FOIA request to USCG on August 5, 2020 (attached to this Complaint as Exhibit G)(hereinafter "Plaintiff's requests"). In the Plaintiff's requests, they sought, among other records, all records in possession or control of USCG which shows, discusses, depicts, or lists approval of, commendation for, medals for, approbation for, letters of commendation for all USCG personnel, whether active-duty reserve or auxiliary, for service during the cleanup of the BP Deepwater Horizon Oil Spill.

1

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff's principal place of business is in the State of Florida.

5. Defendant USCG is a federal agency of the United States, and as such, is subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describe the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § (a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal

public holidays) after the receipt of such an appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA provides that persons making requests may additionally request an estimated completion date, addressed to the federal agency, and the federal agency is required to respond. 5 U.S.C. § 552(a)(7)(B)(ii).

10. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii); *See also* 5 U.S.C. § 552(a)(6)C).

11. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from a federal district court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E). Plaintiff has retained counsel to represent it in this action.

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FIRST REQUEST TO USCG

14. Plaintiff realleges and fully incorporates paragraphs 1–13 as previously set forth herein.

15. On June 14, 2020, Plaintiff, through counsel, sent a FOIA request to USCG, seeking records under FOIA. Exhibit A is the full request and is attached and made part of this Complaint.

16. On June 14, 2020, USCG assigned case number 2020-CGFO-01820 to the request via a letter sent to Plaintiff through counsel. This is attached and made part of this Complaint as Exhibit N.

17. After Plaintiff's counsel made two inquiries into the status of its request, Amanda C. Ackerson, Management and Policy Analyst for USCG, responded on July 15, 2020, via email asking if Plaintiff wanted to narrow its request. (Exhibit C & Exhibit B). Subsequently, Plaintiff's counsel responded on August 3, 2020, reaffirming Plaintiff's desire to keep its request as written. (Exhibit D).

18. Throughout the course of this process, USCG has failed to respond to any of Plaintiff's numerous requests for the agency to provide an estimated completion date regarding Plaintiff's first FOIA request. Plaintiff's counsel made requests for an estimated completion date for Plaintiff's first request via email on July 7, 2020 (Exhibit C); August 3, 2020 (Exhibit D); August 26, 2020 (Exhibit E); and September 19, 2020 (Exhibit I). However, none of these requests were answered in accordance with 5 U.S.C. § 552 (a)(7)(B)(ii).

19. On January 24, 2020, USCG sent Spencer Babcock, an associate in Plaintiff's law firm, a letter stating, "in processing 2018-CGFO-01669 it was determined that U.S.C.G. Deepwater

4

Horizon records were transferred to the National Archives (NARA) in 2017" and provided five transfer numbers. It also stated, "for information regarding these records please contact NARA." This letter is attached and made part of this Complaint as Exhibit F.

20. On July 3, 2020, the Plaintiff, through counsel, sent a FOIA request to NARA seeking substantially similar records to those records requested as part of Plaintiff's first FOIA requests to USCG. Exhibit J is the full NARA request and is attached and made part of this Complaint.

21. On July 14, 2020, NARA sent counsel for the Plaintiff an email saying they had received the request and assigned a reference number of ER0337 and that it had been "forwarded to the Still Pictures (RRSS) and Fort Worth (RRFF) branches to for their response." This letter identified the three accessions provided by the USCG as electronic records, but also informed the Plaintiff that despite being transferred in 2017 "these transfers are unprocessed" and that as a result "legal custody remains with the U.S. Coast Guard." The full decision letter is attached and made part of this complaint as Exhibit K.

22. On September 26, 2020, the Plaintiff filed an administrative appeal with NARA appealing the July 14, 2020 decision to deny records that the USCG asserted NARA possessed. Therefore, the appeal alleged that NARA failed to conduct an adequate search for all records sought in the request. Exhibit L is the administrative appeal and is attached and is made part of this Complaint.

23. On October 19, 2020, the Plaintiff's administrative appeal to NARA was denied and the Deputy Archivist of the United States concluded that "your administrative remedies are now

exhausted. If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court." The full denial is attached and is made part of this complaint as Exhibit M.

24. At the time of this filing, nearly 16 months after Plaintiff sent its first request USCG, Plaintiff has not received any responsive records nor a final determination letter from USCG. Thus, Plaintiff has constructively exhausted its administrative remedies.

### VII. FACTUAL ALLEGATIONS FOR PLAINTIFF'S SECOND REQUEST TO USCG

25. Plaintiff realleges and fully incorporates paragraphs 1–13 as previously set forth herein.

26. On August 5, 2020, a second FOIA request – substantially similar to Plaintiff's first FOIA request to USCG and its other FOIA request to NARA – was sent to USCG. Exhibit G is the second request and is attached and made part of this Complaint.

27. On September 4, 2020, the USCG assigned the second request number 2020-CGFO-02512 and also stated that they would respond to the request "as expeditiously as possible." Exhibit H is the response letter.

28. Throughout the course of this process, USCG has failed to respond to any of Plaintiff's numerous requests for the agency to provide an estimated completion date regarding Plaintiff's second FOIA request. Plaintiff's counsel made requests for an estimated completion date for Plaintiff's second request via email on August 26, 2020 (Exhibit E); September 19, 2020 (Exhibit I); and October 20, 2020 (Exhibit I). However, none of these requests were answered in accordance with 5 U.S.C. § 552 (a)(7)(B)(ii).

29. As explained above, NARA, who received a substantially similar request as Plaintiff's second request to USCG, asserted that "legal custody [of some responsive records] remains with the U.S. Coast Guard." *See* Exhibit K.

30. At the time of this filing, over 14 months after the second request was initially sent to USCG, Plaintiff has not received any responsive records nor a final determination letter from USCG. Thus, Plaintiff has constructively exhausted its administrative remedies.

31. Plaintiff has retained counsel, including attorneys, law clerks, legal assistants, and paralegals to represent them in this judicial review.

## VIII. REQUEST FOR RELIEF - PLAINTIFF'S FIRST REQUEST TO USCG

32. WHEREFORE, Plaintiff, The Downs Law Group, P.A., respectfully requests this Court enter Judgment against Defendant USCG and provide the following relief:

33. Declare Defendant USCG has violated FOIA by failing to provide Plaintiff The Downs Law Group, P.A., with all non-exempt records responsive to the FOIA requests sent by Plaintiff to Defendant USCG on June 14, 2020;

34. Declare that Defendant USCG has violated FOIA by failing to complete an adequate search for records responsive to the FOIA requests sent by Plaintiff to Defendant USCG on June 14, 2020;

35. Declare that Defendant USCG violated FOIA pursuant to 5 U.S.C. § 552 (a)(7)(B)(ii) by failing to provide Plaintiff an estimated completion date following Plaintiff's counsel's emails on July 7, 2020, August 3, 2020, August 26, 2020, and September 19, 2020.

36. Direct by injunction that Defendant USCG perform an adequate search for records and provide Plaintiff, The Downs Law Group, P.A., with all non-exempt records responsive to the FOIA requests sent by Plaintiff to Defendant USCG on June 14, 2020;

37. Grant Plaintiff, The Downs Law Group, P.A., reasonable attorney fees and other litigation costs as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

38. Provide such other relief as the Court deems just and proper.

**IX. REQUEST FOR RELIEF - PLAINTIFF'S SECOND REQUEST TO USCG**

39. WHEREFORE, Plaintiff, The Downs Law Group, P.A., respectfully requests this Court enter Judgment against Defendant USCG and provide the following relief:

40. Declare Defendant USCG has violated FOIA by failing to provide Plaintiff The Downs Law Group, P.A., with all non-exempt records responsive to the FOIA requests sent by Plaintiff to Defendant USCG on August 5, 2020;

41. Declare that Defendant USCG has violated FOIA by failing to complete an adequate search for records responsive to the FOIA requests sent by Plaintiff to Defendant USCG on August 5, 2020;

42. Declare that Defendant USCG violated FOIA pursuant to 5 U.S.C. § 552 (a)(7)(B)(ii) by failing to provide Plaintiff an estimated completion date following Plaintiff's counsel's emails on August 26, 2020, September 19, 2020, and October 20, 2020.

43. Direct by injunction that Defendant USCG perform an adequate search for records and provide Plaintiff, The Downs Law Group, P.A., with all non-exempt records responsive to the

FOIA requests sent by Plaintiff to Defendant USCG on August 5, 2020;

44. Grant Plaintiff, The Downs Law Group, P.A., reasonable attorney fees and other litigation costs as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and

45. Provide such other relief as the Court deems just and proper.

DATED this 13th day of September 2021.

Respectfully submitted,

/s/   C. Peter Sorenson

C. Peter Sorenson
DC Bar No. 438089
SORENSON LAW OFFICE
PO Box 10836
Eugene, Oregon 97440
541-606-9173
petesorenson@gmail.com

**Attorney for Plaintiff**