UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DOWNS LAW GROUP, P.A.<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES COAST GUARD,<br><br>*Defendant.* | Civil Action No. 21-2407 (RBW) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE AND PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Plaintiff The Downs Law Group, P.A. ("Downs" and "Plaintiff") hereby submits the following Plaintiff's Response to Defendant's Statement of Material Facts as to Which There is no Genuine Dispute and Plaintiff's Statement of Material Facts Not in Genuine Dispute. ("Plaintiff's Facts").

Defendant stated numerous times in its Defendant's Statement of Material Facts as to Which There is no Genuine Dispute that Plaintiff narrowed its first request. ("Def.'s Facts") [ECF No. 12 at 2-12]. By way of general denial, Plaintiff denies that any narrowing occurred. Further, Defendant switched between singular request and plural requests several times when referring to Plaintiff's requests. *See* Def.'s Facts. Plaintiff denies generally that one singular request exists. Plaintiff asserts that there are two requests that seek different records. Plaintiff otherwise agrees with Def.'s Facts, except as follows:

1. Plaintiff admits that the requests sought the same categories of records. Plaintiff asserts

that the records sought by the second request encompass all of the first request with the addition of reservists.

2. Plaintiff denies. Plaintiff's October 2021 phone call with Defendant did not narrow the request and simply clarified the purpose for which the original, unamended requests exist.

3. Plaintiff denies that a narrowing occurred on its first request. Plaintiff asserts no narrowing was requested on its second request. Plaintiff admits certain documents responsive to the requests were released to Plaintiff, but with substantial redactions. Plaintiff admits that Defendant conducted some form of a search for records, but Plaintiff denies that the first request was narrowed. Plaintiff denies that an adequate search occurred in response to both requests.

4. Plaintiff admits.

5. Plaintiff admits that many substantially redacted awards were released. Plaintiff denies that a search of official awards is sufficient to capture all of the records responsive to Plaintiff's two requests.

6. Plaintiff denies that Defendant released all records responsive to Plaintiff's requests. Plaintiff admits that Defendant did not release the names or other personally identifying information from the records claiming that Exemption 6 applies. Plaintiff denies that Exemption 6 applies or that release of the records is a clearly unwarranted invasion of personal privacy here.

7. Plaintiff admits Defendant conducted a cursory and inadequate search for records. Plaintiff denies that they searched all areas where it is likely there are responsive records. Plaintiff admits Defendant redacted names and employer identification pursuant to Exemption 6. Plaintiff denies this was a proper redaction.

8. Plaintiff neither admits nor denies.

9. Plaintiff neither admits nor denies.

10. Plaintiff admits. Plaintiff additionally states the requests sought the same categories of records, but for different categories of Coast Guard members.

11. Plaintiff admits that some offices that may contain records were contacted and that those offices are listed in this paragraph. Plaintiff denies that the listed offices are the only offices likely to produce responsive records.

12. Plaintiff denies that its first request was narrowed when Plaintiff "clarif[ied] that [Plaintiff was] simply looking for the names of the Coast Guard members that participated in the 2010 Deepwater Horizon BP oil spill cleanup operations." Declaration of Brian Judge ("Judge Decl.). ECF No. 12-1 at 22. Plaintiff admits that it offered clarity into the purpose of its original, unamended first request. Plaintiff denies that it seeks a comprehensive list. The best evidence for what Plaintiff seeks in both the first and second requests are the requests themselves. Ex. 101; Ex. 104. Plaintiff denies that a comprehensive list of responders was requested here.

13. Plaintiff neither admits nor denies.

14. Plaintiff neither admits nor denies.

15. Plaintiff neither admits nor denies to which office the request was sent. Plaintiff admits that formal awards were given. Plaintiff denies that those awards represent the full breadth of Plaintiff's requests for award records as Plaintiff sought all records that show approval of, commendation for, medals for, approbation for, or letters of commendation which extends far beyond traditional awards.

16. Plaintiff neither admits nor denies the purpose of District Eight in the Deepwater Horizon Oil Spill ("DHOS"). Plaintiff admits that a list was located and that the criteria listed by Defendant would qualify a Coast Guard member for a Special Operations Service ribbon. Plaintiff denies that it only sought records related to the Special Operations Service ribbon.

17. Plaintiff neither admits nor denies the actions of the collateral-duty FOIA officer. Plaintiff denies that a keyword search that did not produce records of "personnel lists" is relevant to this case as Plaintiff does not seek any personnel lists. Plaintiff admits it sought, *inter alia*, records showing medals for, commendation for, or approbation for service during the DHOS. Plaintiff neither admits nor denies the actions of branch personnel in searching their electronic files. Plaintiff states that other responsive records exist in the folder "DHWZ Award Team." Plaintiff asserts that those records should have been released or should have been detailed in Defendant's Vaughn Index.

18. Plaintiff denies that Plaintiff's October 2021 phone call with Defendant narrowed its first request. The call only clarified the purpose for which the original, unamended first request exists. Plaintiff admits that blog posts and public imagery responsive to the request were released to Plaintiff.

19. Plaintiff neither admits nor denies.

20. Plaintiff neither admits nor denies.

21. Plaintiff neither admits nor denies.

22. Plaintiff denies that a comprehensive list does not exist; however, the existence of a comprehensive list is not relevant here as it is not requested by Plaintiff. Plaintiff admits that many personnel who served in the 2010 response received the Special Operations Service Ribbon. Plaintiff denies that the name of Coast Guard members receiving awards is privacy information exempt from disclosure under Exemption 6.

23. Defendant omitted paragraph 23 from Def.'s Facts.

24. Plaintiff admits Defendant released records responsive to its request. Plaintiff denies that it narrowed its requests.

25. Plaintiff denies that Plaintiff's October 2021 phone call with Defendant narrowed its first request. The call clarified the purpose for which the original, unamended first request exists. Plaintiff admits Defendant released certain non-award records responsive to Plaintiff's requests.

26. Plaintiff admits that Defendant withheld the names, ranks, rates, and ID numbers of all personnel below O5/GS-15 and stated that was done pursuant to FOIA Exemption 6. Plaintiff denies that Defendant released all responsive records. Plaintiff denies that Exemption 6 even applies here and Plaintiff denies that releasing the names of award recipients constitutes an unwarranted invasion of personal privacy.

27. Plaintiff denies legal conclusions asserted. Plaintiff denies that saving service member lives is of minimal public interest. Plaintiff denies that the records here requested would subject Coast Guard personnel or their family members to unwanted contact and harassment or violence. Plaintiff asserts that the Coast Guard routinely releases award, name, rate, and rank (information which is only partially sought here) to the public already. *See* Declaration of Captain Lincoln D. Stroh, USCG (Retired) ("Stroh Decl.") ¶ 3; Ex. 106; Ex. 107.

28. Plaintiff admits that the relevant balancing test under Exemption 6 weighs the public interests. Plaintiff asserts that a substantial public interest in saving service member lives exists here. Plaintiff admits that its private interests are not relevant in the balancing test. Plaintiff admits that members of the public are aware of the information sought here. Plaintiff asserts that is due, in large part, to the Coast Guard's own actions in publicizing the events of the DHOS. Plaintiff denies that there is any substantial privacy interest in these requested records.

29. Plaintiff denies that knowing the Coast Guard members who were exposed to deadly toxins would not substantially enhance the public's understanding of the Coast Guard's performance of its statutory duties. Plaintiff denies that all other information relevant to the

potential public benefit was released.

30. Plaintiff admits that Defendant withheld the names, ranks, rates, and ID numbers of all personnel below O5/GS-15 and stated it had redacted the information under Exemption 6. Plaintiff denies that Defendant released all responsive records. Plaintiff denies that releasing the names of award recipients constitutes an unwarranted invasion of personal privacy. Plaintiff admits that the Deepwater Horizon Oil Spill is a well-known and highly publicized event. Plaintiff asserts that this diminishes any de minimis privacy interest of award recipients.

**Plaintiff submits additional material facts not in genuine dispute:**

31. On April 20, 2010, the British Petroleum (BP) Deepwater Horizon oil rig began spewing oil into the Gulf of Mexico. Declaration of Craig Thomas Downs ("Downs Decl.") ¶ 4.

32. Members of the Coast Guard heroically responded to the disaster. Among those responders were Captain Lincoln Stroh, Petty Officer First Class Andrew Campo, and Petty Officer Second Class Charles Grady. Stroh Decl. ¶ 3; Declaration of Mr. John Campo ("Campo Decl.") ¶ 5; Declaration of Charles Grady ("Grady Decl.") ¶ 3. As a direct result of his participation and bravery during the DHOS response, Petty Officer Campo developed brain cancer from crude oil exposure and dispersant exposure that ultimately led to his death over eight years after the exposure. Campo Decl. ¶¶ 7-8.

33. Exposure to both oil and dispersants during the DHOS response can cause a host of health problems including the brain cancer that ultimately killed Petty Officer First Class Andrew Campo. *Id.*; Downs Decl. ¶ 5.

34. Included in the Coast Guard response were awards, both formal and informal. Stroh Decl. ¶¶ 6-11.; Grady Decl. ¶ 4; Campo Decl. ¶¶ 5, 10. Unclassified awards (such as the ones at issue here) are considered public by Coast Guard members. Stroh Decl. ¶ 26, Grady Decl. ¶

7.

35. Awards such as those sought here are presented in front of peers and the media. Stroh. Decl. ¶¶ 17-18

36. Further, award, recipient first and last names, and rating and rate are published by the Coast Guard in print and online for the public to access. Grady Decl. ¶¶ 8-9. Defendant tells the public the Coast Guard member's name, profession, rank, and award. Ex. 106; Ex. 107.

37. The awards requested here are intended to be shared with the public. Stroh Decl. ¶ 15, Grady Decl. ¶ 7. Other awards, called classified awards, are meant to be kept secret because of the nature of the operation for which they were awarded. Stroh Decl. ¶ 30.

38. The citation, which is a narrative that accompanies awards and describes the purpose for which an award was given, "should be adaptable to publication by the media" and should be "easy to read aloud." *Coast Guard Military Medals and Awards Manual*, Commandant Instruction M1650.25(1)(G)(5).

39. Plaintiff submitted its first request to Defendant on June 14, 2020 which requested primarily "all records in possession or control of the Coast Guard which shows approval of, commendation for, medals for, approbation for, or letters of commendation for" active duty and auxiliarist Coast Guard personnel during the BP Deepwater Horizon Oil Spill. Downs Decl. ¶ 9; Exhibit 101. This request did not include reservists.

40. Defendant acknowledged receipt and assigned this first request reference number 2020-CGFO-01820. ECF 1-18 at 2-3. Request 2020-CGFO-01820 was not given a final determination within the 20 day statutory period. Downs Decl. ¶ 14.

41. Plaintiff submitted a second request to Defendant on August 6, 2020 which requested the same records described above for active duty, auxiliarists, and reservists. Downs Decl. ¶ 12.

The first request only covered active duty and auxiliary personnel, but this request also covered reservists in addition to the active duty and auxiliary personnel. *Id.*; Ex. 104.

42. Defendant acknowledged receipt of the second request on September 4, 2020 and assigned reference number 2020-CGFO-02512. ECF 1-12 at 2.

43. Plaintiff never received estimated competition dates on either request despite formal requests for them. *Id.* at ¶ 13; Exhibit 105.

44. Having received neither records, a final determination, nor any estimated completion date nearly 15 months after its first request and 13 months after its second request, Plaintiff constructively exhausted its administrative remedies and filed its judicial review on September 13, 2021. *See* Downs Decl.

45. Defendant received service of process of this judicial review on September 20, 2021. ECF 3 at 2.

46. Plaintiff narrowed neither of its requests. Downs Decl. ¶¶ 11, 15.

47. Defendant has not asserted that any of the awards subject to this request are classified awards which have a heightened level of prevention of disclosure. Stroh Decl. ¶ 20.

48. Defendant released 1,180 pages of records all at once, totalling approximately 7,318 individual formal awards on January 12, 2022. ECF 9 at 1. Nearly all of these formal award recipient names and awards were redacted. There is no indication that any informal awards were searched. *See* Judge Decl. These informal awards produce records that could be searched. Stroh Decl. ¶ 21; Exhibit 109.

49. Coast Guard member lives can be saved by the release of these records. Downs Decl. ¶ 22; Campo Decl. ¶¶ 7-8.

Dated:  This 27th day of June, 2022.

Respectfully Submitted,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

*Attorney for Plaintiff*